Filing # 134359537 E-Filed 09/10/2021 12:53:27 PM

|  |  |
|---|---|
| **SANDRA HORAN**<br>  Plaintiff<br><br>v.<br><br>**SUN COMMUNITIES, INC., d/b/a**<br>**LA COSTA VILLAGE**<br>  Defendant | IN THE CIRCUIT COURT OF THE<br>SEVENTH JUDICIAL CIRCUIT, IN AND<br>FOR VOLUSIA COUNTY, FLORIDA<br><br>Case No.: 2021 31183 CICI<br><br>9/23/21<br>13:35 pm<br><br>V. Rodriguez #1793 |

## COMPLAINT

**COMES NOW**, the Plaintiff, SANDRA HORAN, by and through the undersigned attorney, sues Defendant, SUN COMMUNITIES, INC. D/B/A LA COSTA VILLAGE, and states as follows:

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material to this action, Plaintiff, SANDRA HORAN, was a resident of the City of Port Orange, Volusia County, Florida, and is sui juris.

3. At all times material to this action, Defendant, SUN COMMUNITIES, INC. D/B/A LA COSTA VILLAGE, was a Foreign Profit Corporation that was licensed to do business in the State of Florida.

4. At all times material to this action, the Defendant, SUN COMMUNITIES, INC. D/B/A LA COSTA VILLAGE., owned, leased, operated, possessed, maintained, and controlled the premises known as La Costa Village located at 1275 La Costa Village Blvd, Port Orange, Volusia County, Florida.

5. At all times material to this action, Plaintiff was lawfully on the subject premises as a resident of La Costa Village.

6. On or about January 30, 2020, while Plaintiff was lawfully on Defendant's premises known as La Costa Village, Plaintiff was walking her dog on the sidewalk of La Costa Boulevard walking toward the intersection of La Costa Boulevard and Big Tree Road. While Plaintiff was walking, she tripped and fell due to her right foot catching on a substantially raised portion of the sidewalk. As a consequence, Plaintiff fell forcefully to the ground and sustained severe bodily injury.



7. Defendant had a duty to its residents, including Plaintiff, to maintain its premises, including the sidewalks, in a responsibly safe condition for use by its residents, and to warn its residents of any known hazards or hazardous conditions, about which Defendant knew or reasonably should have known through the exercise of reasonable care.

8. At the above time and place, Defendant breached its duties owed to Plaintiff by committing one or more of the following omissions or commissions:

    a. Negligently and carelessly creating, permitting or allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

b. Negligently failing to maintain or adequately maintain the sidewalk on its premises, thus creating an unreasonably dangerous condition to members of the public, including Plaintiff;

c. Negligently and carelessly failing to take reasonable precautions to guard or protect Plaintiff against said dangerous and hazardous condition;

d. Negligently failing to inspect or adequately inspect the elevation levels of the sidewalk, as specified above, to ascertain whether the change in elevation of the sidewalk constituted a hazard to pedestrians utilizing the sidewalk, thus creating an unreasonably dangerous condition to members of the public, including Plaintiff;

e. Negligently failing to warn or adequately warn the Plaintiff of the danger of the significant change in elevation of the sidewalk, when Defendant knew or through exercise of reasonable care should have known that said sidewalk was unreasonably dangerous and that Plaintiff was unaware of the same.

f. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the significant change in elevation of the sidewalk on Defendant's premises, when this condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

g. Defendant violated all applicable building codes and safety standards; including but not limited to the following:

   1. ASTM Designation F1637, 5.2.4 Standard Practice for Safe Walking Surfaces which states changes in levels greater than one-half of

an inch shall be transitioned by means of a ramp or stairway

2. Florida Building Code, Section 1003.2.7.2 which states that walking surfaces shall be nominally level.

3. Life Safety Code 7.7.6.2 which states that abrupt changes in elevation of walking surfaces shall not exceed ¼ in. (6.3 mm). Changes in elevation exceeding ¼ in. (6.3 mm), but not exceeding ½ in. (13 mm), shall be beveled 1 to 2.

4. Life Safety Code 7.1.6.3.1 which states walking surfaces shall be normally level.

h. Defendant created the dangerous condition itself;

i. Defendant knew or should have known that from the existence of these factors that persons like the Plaintiff would be injured by a fall on said premises.

9. As a direct and proximate result of the negligence of the Defendant, SUN COMMUNITIES, INC. D/B/A LA COSTA VILLAGE., as aforesaid, the Plaintiff, SANDRA HORAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish resulting from the physical injury only and not any claim for mental anguish from any pre-existing condition, inconvenience, and was required to expend and obligate herself to expend various sums of money for the treatment of her injuries, and will be required to continue to incur medical expenses for the future treatment of her injuries, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, SANDRA HORAN, sues Defendant, SUN

COMMUNITIES, INC. D/B/A LA COSTA VILLAGE, and demands judgment for damages, costs, a trial by jury, and such other relief as this court deems just and proper.

_____
KEITH C. WARNOCK, Esquire
Keith C. Warnock, P.A. (kl)
435 South Ridgewood Avenue
Daytona Beach, FL 32114
(386) 258-0049
Florida Bar No.: 0706280
Attorney for Plaintiff
keithcwarnock@yahoo.com
keithwarnock@att.net